IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lionel Allen, ) | |
| ) | |
| Plaintiff, ) | Case No. 18-cv-04047 |
| ) | |
| v. ) | JURY DEMANDED |
| ) | |
| Chief of Police Brian Benton, Lt. Marc ) | |
| Reid, and the City of Joliet, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, LIONEL ALLEN, by counsel, alleges as follows:

### Jurisdiction and Venue

1. This is an action for race discrimination brought pursuant to Section 1981 and Section 1983 of the Civil Rights Act of 1866, as well as Title VII of the Civil Rights Act of 1964.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1343 (civil rights) and § 1331 (federal question).

3. Venue is proper in the Northern District of Illinois under 28 U.S.C § 1391, because Defendants reside here and the acts complained of occurred here, namely in Joliet, Illinois.

### Parties

4. Lionel Allen is a police officer employed by the City of Joliet.

1

5. Allen is black.

6. Brian Benton is Chief of Police for the City of Joliet. He is being sued in his individual capacity, for actions taken under color of state law.

7. Marc[1] Reid is the Lieutenant of Internal Affairs for the Joliet police department. He is being sued in his individual capacity, for actions taken under color of state law.

8. The City of Joliet is a municipality in Illinois.

### Count I: Violations of 42 U.S.C. § 1981 (Against All Defendants)

9. Allen re-alleges paragraphs 1-8 as if re-typed here.

10. Allen brings this action, pursuant to 42 U.S.C. § 1983, to remedy violations of the rights secured to him by 42 U.S.C. § 1981.

11. Allen has been employed by the City of Joliet since 1989.

12. In December 2015, Allen was told that he was being transferred out of the sector he had worked in for nine (9) years and that his sector was being given to a white officer. Before the transfer, white officers were given the opportunity to bid on which sectors they wished to work in. Allen was not given this opportunity.

13. Allen was put on "central cover" duty (a less desirable assignment than being assigned to a definite sector), despite the fact that he had the highest seniority in the department. This was not done to white employees.

14. Allen complained to Sgt. Matthew Breen that he did not understand why he was being transferred, that it seemed racially motivated, and that the officer who was taking over his

---

[1] Sometimes spelled "Mark"

sector was one who had made fun of black people. Allen did not ask that a formal complaint be filed against the officer. He simply complained to Breen verbally about it.

15. In retaliation for his internal complaint of race discrimination and as further race discrimination, on March 23, 2016, Lt. Marc Reid initiated a Complaint Investigation against Allen for "conduct unbecoming a department member," "false statements," and "frivolous complaints" –for what Allen had said to Sgt. Breen about the white officer who made jokes about black people being the one to take over his sector.

16. This investigation into Allen was initiated despite the fact that Allen had reported the following to Lt. Marc Reid during the investigation:

    a. The white officer had used mace on 10-11 year old black children and then mocked them when they cried;

    b. The white officer had joked about a domestic violence call involving a black woman who had been battered by her white supremacist boyfriend;

    c. The white officer called a different black officer "big, black, and handsome"; and

    d. The white officer had made jokes over the radio about catching black men who had stolen fried chicken.

17. On May 1, 2016, Allen filed a Charge of Discrimination at the EEOC.

18. Upon information and belief, the City of Joliet received notice of the EEOC charge in mid to late May 2016.

19. In retaliation for his internal and external complaints, and as further race discrimination, on June 14, 2016, Lt. Reid sustained the complaint against Allen for making "false complaints" (for what he said about the white officer making fun of blacks) even though Allen had told everyone involved that he did not want to make a complaint against the white

3

officer and even though he had provided examples of what the officer had done that *was* discriminatory (above).

20. In retaliation for his internal and external complaints, and as further race discrimination, on June 16, 2016, Chief Benton recommended that Allen be terminated.

21. White officers have been accused of far worse misdeeds than "making a false complaint" (which Allen did not even do) but Chief Benton did not recommend their termination.

22. In retaliation for his internal and external complaints, and as further race discrimination, on June 16, 2016, Chief Benton told Allen that he could save himself from termination if he withdrew his EEOC charge, agreed not to file any future charges, signed a "last chance agreement," and took a 15 day suspension.

23. Allen accepted the discipline to remain employed. Thereafter, he was suspended for 15 days.

24. Allen attempted to withdraw his charge at the EEOC, but the EEOC recognized that the City of Joliet was engaging in unlawful retaliation, so they did not dismiss the charge.

25. In retaliation for his internal and external complaints, and as further race discrimination, Allen was kept on "central cover" duty (a less desirable assignment than being assigned to a definite sector) for all of years 2016 and 2017, despite the fact that he had the highest seniority in the department. This was not done to white employees (or to blacks who had not made complaints).

26. As a result of Defendants' actions, Allen has been harmed financially and emotionally.

27. The actions described above violate Section 1981.

4

WHEREFORE, Plaintiff, Lionel Allen, requests that Defendants, Chief of Police Brian Benton, Lt. Mark Reid, and the City of Joliet, be found liable for violating Section 1981, that judgment be entered against them, and that Plaintiff be awarded all remedies to which he is entitled under the law, including:

a. Back pay, including wages, salary and fringe benefits to the date of trial;
b. Prejudgment interest;
c. Compensatory damages for future loss, emotional distress, inconvenience, mental anguish & loss of enjoyment of life;
d. Punitive damages against Chief Benton and Lt. Reid;
e. Attorneys' fees; and
f. Costs of litigation.

## Count II: Title VII Violations (Against City of Joliet)

28. Plaintiff re-alleges paragraphs 1-26 as if re-typed here.

29. The actions described above violate Title VII, codified at 42 U.S. Code § 2000e-2 and 42 U.S.C. § 2000e-3(a).

30. On September 13, 2017, the EEOC found reasonable cause to believe that Joliet had violated Title VII and discriminated against Allen in retaliation for engaging in protected activity when it required him to withdraw his EEOC charge in lieu of discharge.

31. The U.S. Department of Justice issued a right to sue letter on May 11, 2018.

32. As a result of Defendants' actions, Allen has been harmed financially and emotionally.

WHEREFORE, Plaintiff, Lionel Allen, requests that Defendant, City of Joliet, be found liable for violating Title VII, that judgment be entered against it, and that Plaintiff be awarded all remedies to which he is entitled under the law, including:

a. Back pay, including wages, salary and fringe benefits to the date of trial;
b. Prejudgment interest;

      c. Compensatory damages for future loss, emotional distress, pain & suffering, inconvenience, mental anguish & loss of enjoyment of life;
      d. Attorneys' fees; and
      e. Costs of litigation.

## Jury Demand

33. Plaintiff demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: 6/12/18                  Respectfully submitted by:

s/Julie Herrera

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812
jherrera@julieherreralaw.com