**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LIONEL ALLEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 18-cv-04047** |
| **v.** | ) | |
| | ) | |
| **CHIEF OF POLICE BRIAN BENTON,** | ) | **Honorable Manish S. Shaw** |
| **LT. MARC REID, and the CITY OF** | ) | |
| **JOLIET,** | ) | |
| | ) | **JURY DEMANDED** |
| **Defendants.** | ) | |

## DEFENDANTS' ANSWER AND DEFENSES

NOW COMES the City of Joliet, Chief of Police Brian Benton, and Lt. Marc Reid (collectively "Defendants"), by and through their attorneys, and hereby submits their Answer to Plaintiff Lionel Allen's ("Plaintiff") Complaint.

## JURISDICTION AND VENUE

*1.      This is an action for race discrimination brought pursuant to Section 1981 and Section 1983 of the Civil Rights Act of 1866, as well as Title VII of the Civil Rights Act of 1964.*

**ANSWER:**     The Defendants admit that Plaintiff purports to bring an action for race discrimination pursuant to Sections 1981 and 1983 of the Civil Rights Act of 1866, as well as Title VII of the Civil Rights Act of 1964. The Defendants deny that they violated Section 1981, Section 1983 or Title VII. The Defendants deny each and every remaining allegation contained in Paragraph 1.

*2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1343 (civil rights) and § 1331 (federal question).*

**ANSWER:** The Defendants admit the allegations set forth in Paragraph 2.

3.      *Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391, because Defendants reside here and the acts complained of occurred here, namely in Joliet, Illinois.*

**ANSWER:** The Defendants deny that any unlawful act occurred in this venue. The Defendants otherwise admit the remaining allegations contained in Paragraph 3.

## PARTIES

4.      *Lionel Allen is a police officer employed by the City of Joliet.*

**ANSWER:** The Defendants admit the allegations in Paragraph 4.

5.      *Allen is black.*

**ANSWER:** The Defendants admit the allegations contained in Paragraph 5.

6.      *Brian Benton is Chief of Police for the City of Joliet. He is being sued in his individual capacity, for actions taken under color of state law.*

**ANSWER:** The Defendants deny that Chief Brian Benton committed any unlawful actions. The Defendants admits the remaining allegations contained in Paragraph 6.

7.      *Marc Reid is the Lieutenant of Internal Affairs for the Joliet police department. He is being sued in his individual capacity, for actions taken under color of state law.*

**ANSWER:** The Defendants deny that Lt. Marc Reid committed any unlawful actions. The Defendants admit the remaining allegations contained in Paragraph 7.

8.      *The City of Joliet is a municipality in Illinois.*

**ANSWER:** The Defendants admit the allegations contained in Paragraph 8.

### Count I: Violations of 42 U.S.C. § 1981 (Against All Defendants)

9.      *Allen re-alleges paragraphs 1-8 as if re-typed here.*

**ANSWER:** The Defendants repeat and reiterate their answers to Paragraph 1-8 as their answer to Paragraph 9.

10.      *Allen brings this action, pursuant to 42 U.S.C. § 1983, to remedy violations of the rights secured to him by 42 U.S.C. § 1981.*

**ANSWER:** The Defendants deny that any violations of Plaintiff's rights secured by Section 1981 occurred. The Defendants otherwise admit that Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983, to remedy alleged violations of the rights secured to him by 42 U.S.C. § 1981.

11.     *Allen has been employed by the City of Joliet since 1989.*

**ANSWER:** The Defendants admit the allegations contained in Paragraph 11.

12.     *In December 2015, Allen was told that he was being transferred out of the sector he had worked in for nine (9) years and that his sector was being given to a white officer. Before the transfer, white officers were given the opportunity to bid on which sectors they wished to work in. Allen was not given this opportunity.*

**ANSWER:** The Defendants admit that Joliet patrol officers were given the opportunity to bid on sector assignments, and that in December 2015, Plaintiff was notified of a change in his assignment due to the bidding process. The Defendants further admit that Plaintiff worked in Section 21 for at least four years. The Defendants deny each and every remaining allegation contained in Paragraph 12, including but not limited to the allegation that the opportunity to bid on sector assignments was only provided to white officers.

13.     *Allen was put on "central cover" duty (a less desirable assignment than being assigned to a definite sector), despite the fact that he had the highest seniority in the department. This was not done to white employees.*

**ANSWER:** The Defendants admit that Plaintiff was assigned to "central cover" . The Defendants deny each and every remaining allegation contained in Paragraph 13.

14.     *Allen complained to Sgt. Matthew Breen that he did not understand why he was being transferred, that it seemed racially motivated, and that the officer who was taking over his sector was one who had made fun of black people. Allen did not ask that a formal complaint be filed against the officer. He simply complained to Breen verbally about it.*

**ANSWER:** The Defendants admit that Plaintiff complained verbally to Sgt. Breen about his transfer, stated that it seemed racially motivated, and stated that the officer (Officer Michael Cochran) taking over his sector had made racial slurs and jokes, but did not initiate a formal

complaint. The Defendants further admit that the individual who took over Plaintiff's prior sector assignment was Officer Michael Cochran (white). The Defendants deny each and every remaining allegation contained in Paragraph 14.

15. *In retaliation for his internal complaint of race discrimination and as further race discrimination, on March 23, 2016, Lt. Marc Reid initiated a Complaint Investigation against Allen for "conduct unbecoming a department member," "false statements," and "frivolous complaints" – for what Allen had said to Sgt. Breen about the white officer who made jokes about black people being the one to take over his sector.*

**ANSWER:** The Defendants admit that on March 17, 2016, Officer Cochran filed an internal complaint against Plaintiff for making a malicious, harassing, or frivolous complaint against him (Cochran). The Defendants further admit that Lt. Marc Reid investigated Cochran's complaint against Plaintiff. The Defendants deny each and every remaining allegation in Paragraph 15.

16. *This investigation into Allen was initiated despite the fact that Allen had reported the following to Lt. Marc Reid during the investigation:*

   a. *The white officer had used mace on 10-11 year old black children and then mocked them when they cried;*

   b. *The white officer had joked about a domestic violence call involving a black woman who had been battered by her white supremacist boyfriend;*

   c. *The white officer called a different black officer "big, black, and handsome"; and*

   d. *The white officer had made jokes over the radio about catching black men who had stolen fried chicken.*

**ANSWER:** The Defendants deny the allegations in Paragraph 16.

17. *On May 1, 2016, Allen filed a Charge of Discrimination at the EEOC.*

**ANSWER:** The Defendants admit the allegations contained in Paragraph 17.

18. *Upon information and belief, the City of Joliet received a notice of the EEOC charge in mid to late May 2016.*

**ANSWER:** The Defendants admit the allegations contained in Paragraph 18.

19.     *In retaliation for his internal and external complaints, and as further race discrimination, on June 14, 2016, Lt. Reid sustained the complaint against Allen for making "false complaints" (for what he said about the white officer making fun of blacks) even though Allen had told everyone involved that he did not want to make a complaint against the white officer and even though he had provided examples of what the officer had done that was discriminatory (above).*

**ANSWER:** The Defendants admit that on June 14, 2016, Lt. Reid issued his investigative report sustaining the allegations against Plaintiff "of making false statements, making a frivolous and malicious complaint, and conduct unbecoming". The Defendants further admit that on at least one occasion, Plaintiff stated he did not want to file a complaint against Officer Cochran. The Defendants also admit that, during the investigation into Officer Cochran's complaint Plaintiff provided certain "examples" of alleged racist comments by Officer Cochran. The Defendants deny each and every remaining allegation contained in Paragraph 19.

20.     *In retaliation for his internal and external complaints, and as further race discrimination, on June 16, 2016, Chief Benton recommended that Allen be terminated.*

**ANSWER:** The Defendants deny the allegations contained in Paragraph 20.

21.     *White officers have been accused of far worse misdeeds than "making a false complaint" (which Allen did not even do) but Chief Benton did not recommend their termination.*

**ANSWER:** The Defendants deny the allegations contained in Paragraph 21.

22.     *In retaliation for his internal and external complaints, and as further race discrimination, on June 16, 2016, Chief Benton told Allen that he could save himself from termination if he withdrew his EEOC charge, agreed not to file any future charges, signed a "last chance agreement," and took a 15 day suspension.*

**ANSWER:** The Defendants deny the allegations contained in Paragraph 22.

23.     *Allen accepted the discipline to remain employed. Thereafter, he was suspended for 15 days.*

**ANSWER:** The Defendants admit that Plaintiff accepted a 15-day disciplinary suspension as part of a settlement, which also included a "last chance agreement", and that he subsequently was suspended for 15 work days. The Defendants are without knowledge sufficient

to form a belief as to the truth of the remaining allegations contained in Paragraph 23 and therefore deny the same.

24.     *Allen attempted to withdraw his charge at the EEOC, but the EEOC recognized that the City of Joliet was engaging in unlawful retaliation, so they did not dismiss the charge.*

**ANSWER:** The Defendants admit that Plaintiff attempted to withdraw his EEOC charge. The Defendants are without knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 and therefore deny the same.

25.     *In retaliation for his internal and external complaints, and as further race discrimination, Allen was kept on "central cover" duty (a less desirable assignment than being assigned to a definite sector) for all of years 2016 and 2017, despite the fact that he had the highest seniority in the department. This was not done to white employees (or to blacks who had not made complaints).*

**ANSWER:** The Defendants deny the allegations contained in Paragraph 25.

26.     *As a result of Defendants' actions, Allen has been harmed financially and emotionally.*

**ANSWER:** The Defendants deny the allegations contained in Paragraph 26.

27.     *The actions described above violate Section 1981.*

**ANSWER:** The Defendants deny the allegations contained in Paragraph 27.

**Count I – Request for Relief:** The Defendants deny that Plaintiff is entitled to any relief pursuant to Count I.

### Count II: Title VII Violations (Against City of Joliet)

28.     *Plaintiff re-alleges paragraph 1-26 as if re-typed here.*

**ANSWER:** The Defendants repeat and reiterate their answers to Paragraph 1-26 as their answer to Paragraph 28.

29.     *The actions described above violate Title VII, codified at 42 U.S. Code § 2000e-2 and 42 U.S.C. § 2000e-3(a).*

**ANSWER:** The Defendants deny the allegations contained in Paragraph 29.

30.     *On September 13, 2017, the EEOC found reasonable cause to believe that Joliet had violated Title VII and discriminated against Allen in retaliation for engaging in protected activity when it required him to withdraw his EEOC charge in lieu of discharge.*

**ANSWER:** The Defendants admit that on September 13, 2017, District Director Julianne Bowman issued a determination, finding that the evidence obtained during the EEOC's investigation allegedly established reasonable cause to believe that the City discriminated against Plaintiff in retaliation for engaging in protected activity when it allegedly required Plaintiff to withdraw his EEOC charge in lieu of discharge. The Defendants deny each and every remaining allegation contained in Paragraph 30.

31.     *The U.S. Department of Justice issued a right to sue letter on May 11, 2018.*

**ANSWER:** The Defendants admit the allegations contained in Paragraph 31.

32.     *As a result of Defendants' actions, Allen has been harmed financially and emotionally.*

**ANSWER:** The Defendants deny the allegations contained in Paragraph 32.

**Count II – Request for Relief:** The Defendants deny that Plaintiff is entitled to any relief pursuant to Count II.

33.     Plaintiff demands a jury trial pursuant of Rule 38(b) of the Federal Rules of Civil Procedure.

**ANSWER:**  The Defendants admit that Plaintiff demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## AFFIRMATIVE AND/OR OTHER DEFENSES

By asserting the following defenses to the instant Complaint, the Defendants do not waive the Plaintiff's obligation to meet his burden of proof and do not assume any burden of proof not otherwise imposed by law.  Subject to and without waiving the foregoing responses or denials, the Defendants state their defenses as follows:

**DEFENSE NO. 1:** Pursuant to Section 1983's two-year statute of limitations, Plaintiff's Sections 1983 and 1981 allegations are time barred to the extent Plaintiff alleges unlawful misconduct occurred prior to June 12, 2016.

**DEFENSE NO. 2:** Defendants Chief Benton and Lt. Reid acted in good faith and are entitled to qualified immunity because reasonable public officials in their position would have believed their actions were lawful.

**DEFENSE NO. 3:** Even assuming, *arguendo*, that Plaintiff is able to prove that a prohibited factor motivated the Defendants' alleged employment actions, which they expressly deny, the Defendants would have taken the same action even absent such motivation and, therefore, the Plaintiff's claim must fail.

**DEFENSE NO. 4:** The Defendants' actions regarding Plaintiff were motivated by legitimate, non-discriminatory reasons precipitated by, among other things, Plaintiff's violation of lawful City polices, and are unrelated to Plaintiff's race or protected activities.

**DEFENSE NO. 5:** Plaintiff's Complaint is barred, in whole or in part, because the City exercised reasonable care to prevent and correct promptly any discriminatory conduct and

because Plaintiff unreasonably failed to properly take advantage of any preventive or corrective opportunities provided by the City or to avoid harm.

**DEFENSE NO. 6:** Regarding Plaintiff's Sections 1983 and 1981 claims, Plaintiff is not entitled to punitive damages pursuant to 745 ILCS 10/2-102.

## PRAYER FOR RELIEF BASED ON
## DEFENDANTS' ANSWER AND DEFENSES

Wherefore, Defendants deny that Plaintiff is entitled to any relief whatsoever in this action, including that requested in the prayer for relief contained in his Complaint. The Defendants request that judgment be granted in their favor and against Plaintiff, along with the Defendants costs and any other relief as the Court may deem appropriate.

Respectfully submitted,

**CITY OF JOLIET, BRIAN BENTON, and MARC REID**,

James J. Powers, ARDC No. 6256540
Kelly A. Coyle ARDC No. 6312591
CLARK BAIRD SMITH LLP
6133 North River Road, Suite 1120
Rosemont, Illinois 60618
Telephone: (847) 378-7714
Facsimile: (847) 378-7070
jpowers@cbslawyers.com
kcoyle@cbslawyers.com

By: **/s/ James J. Powers**
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 11, 2018 he did electronically file the foregoing with the Clerk of the Court using the CM/ECF System which sent notification of such filing to the parties who are registered participants with the System, including:

Julie Herrera, jherrera@julieherreralaw.com
Steven James Molitor, Jr., smolitor@julieherreralaw.com
Law Offices of Julie O. Herrera
53 W. Jackson
Suite 1615
Chicago, Illinois 60604
312-697-0022
*Counsel for Plaintiff*

*/s/ James J. Powers*
James J. Powers, ARDC No. 6256540
CLARK BAIRD SMITH LLP
6133 North River Road, Suite 1120
Rosemont, Illinois 60618
Telephone: (847) 378-7714
Facsimile: (847) 378-7070
jpowers@cbslawyers.com
*Counsel for Defendant*